PEANUT COMMISSION — CLAIM FOR REFUND — EVIDENCE A peanut grower who wishes to have refunded an assessment deducted under the provisions of 2 O.S. 1108 [2-1108] (1969), must submit evidence to the executive secretary of the Oklahoma Peanut Commission to substantiate his claim for a refund. This evidence must be submitted within sixty days from the date of the sale from which the assessment sought to be refunded was deducted. The Peanut Commission should determine in each case what constitutes sufficient evidence under the terms of the statute. The Attorney General has had under consideration your recent letter in which you asked: "Is the Oklahoma Peanut Commission required . . . to pay a refund to a grower who has made a written request for refund within the proper time limit but did not send the proper evidence for refund until much after the time limit had expired?" Title 2 O.S. 1108 [2-1108] (1969), in part provides: "(T)here is hereby levied an assessment of One Dollar ($1.00) per net ton of peanuts on a farmer's stock basis marketed in Oklahoma except each producer is exempt three hundred bushels provided that he requests in writing to the Oklahoma Peanut Commission that a refund be made to him on said three hundred bushels. . . . Such assessment shall be levied and assessed to the grower at the time of sale, and shall be shown as a deduction by the first purchaser from the price paid in settlement to the grower; provided that within sixty days after any sale the grower may upon submission of a request therefor to the executive secretary obtain a refund in the amount of the assessment deducted by the first purchaser. The refund back to the grower who has requested such refund shall be made within sixty (60) days following the request. Such request shall be accompanied by evidence of the payment of said assessment which need not be verified. . . ." (Emphasis added) The language in the statute "Such request shall be accompanied by evidence of the payment of said assessment" is mandatory upon the grower seeking a refund rather than directory. The Court in State v. Hunt, Okl., 286 P.2d 1088
(1955), stated in the body of its opinion: ". . . In the construction of statutes, the word 'shall' is usually given its common meaning of 'must' and interpreted as implying a command or mandate, see definition of 'shall' in Webster's New International Dictionary, and the cases cited in 39 Words and Phrases, beginning at page 123, depending upon the construction of the statute as a whole and the intention of the Legislature. . . ." Therefore, it is the opinion of the Attorney General that a peanut grower who wishes to have refunded an assessment deducted under the provisions of 2 O.S. 1108 [2-1108] (1969), must submit evidence to the executive secretary of the Oklahoma Peanut Commission to substantiate his claim for a refund. This evidence must be submitted within sixty (60) days from the date of the sale from which the assessment sought to be refunded was deducted. The Peanut Commission should determine in each case what constitutes sufficient evidence under the terms of the statute. (William M. Bonnell)